UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 13 |
| EZRA P. DAVIS AND CAROLYN M. DAVIS, | |
| | Case No.: 26-50562 |
| Debtors. | |

**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), a secured creditor herein, by and through its undersigned attorneys, files this objection to confirmation of the proposed Plan and states as follows:

1. This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Middle District of North Carolina.

2. On July 6, 2026, Ezra P. Davis and Carolyn M. Davis (collectively, the "Debtors"), filed a joint voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

3. On February 18, 2023, Carolyn Muse Davis (the "Buyer") and Ezra Paul Davis (the "Co-Buyer") executed and delivered that certain Retail Installment Sale Contract - Simple Finance Charge (the "Contract") for the purchase of a used 2014 Audi Q7 bearing Vehicle Identification Number WA1LMAFE1ED013327 (the "Collateral"). The amount financed under the Contract was $24,743.63. A true and correct copy of the Contract is attached hereto as **Exhibit "A."**

4. In order to secure its purchase-money security interest evidenced by the Contract, Santander Consumer USA Inc. recorded its first lien on the certificate of title for the Collateral (the "Title"), with a lien date of February 18, 2023. A true and correct copy of the Title, identifying Santander Consumer USA Inc. as the first lienholder, is attached hereto as **Exhibit "B."**

5. On July 6, 2026, the Debtors filed their Chapter 13 Plan (the "Plan") as D.E. 2. The Plan has not been confirmed, and the meeting of creditors under 11 U.S.C. § 341 is scheduled for August 21, 2026.

6. Movant's claim is $20,851.97 as of the Petition Date, as reflected in Proof of Claim No. 16. The current outstanding balance is $21,448.04 (together, "Movant's Claim").

7. The Debtors' Plan values Movant's collateral at $8,000.00 and proposes to pay Movant a secured claim of $6,339.00 under Section 4.3(d), with interest at 8.75%. Although the Plan provides for retention of Movant's lien, the proposed secured claim is below the NADA Retail value of $10,413.00. Because the Contract was entered into 1,234 days before the Petition Date, this is not a 910 claim and valuation under 11 U.S.C. § 506(a) applies. Movant objects to the proposed valuation and treatment because it fails to provide for payment of Movant's allowed secured claim in the proper amount.

8. The value of the Collateral is $10,413.00 based on the N.A.D.A. Official Used Car Guide Retail valuation for the 2014 Audi Q7. A true and correct copy of the NADA Retail valuation is attached hereto as **Exhibit "C."**

9. Movant's Claim exceeds the value of the Collateral. Accordingly, Movant's secured claim should be valued at not less than $10,413.00, the NADA Retail value of the Collateral.

10. This treatment is prejudicial to Movant because the Plan does not satisfy 11 U.S.C. § 1325(a)(5)(B)(ii), which requires payment of the present value of Movant's allowed secured claim as of the effective date of the Plan.

11. Because the Plan does not provide for payment of Movant's allowed secured claim in the required amount and manner, the Plan is not feasible and does not demonstrate that the Debtors will be able to make all payments required under the Plan, as required by 11 U.S.C. § 1325(a)(6).

12. The Plan has not been accepted by Movant pursuant to 11 U.S.C. § 1325(a)(5)(A).

13. Movant demands that the Debtors amend the Plan to value Movant's secured claim at not less than $10,413.00 (the NADA Retail value of the Collateral) and provide for payment of that secured claim with interest at a market rate.

WHEREFORE, Movant requests this Court to deny confirmation of the Plan and for such further relief as this Court deems appropriate.

Dated: August 24, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Eudora F. S. Arthur*

EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com
*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Objection to Confirmation on:

Ezra P. Davis And Carolyn M. Davis
2915 Stonekirk Court
Winston Salem, NC 27103-5478
*Debtors*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Objection to Confirmation was served by electronic means through the Court's CM/ECF service on the following parties in interest:

Christopher Decker Lane
*Attorney for Debtors*

Brandi L. Richardson
*Chapter 13 Trustee*

John Paul Hughes Cournoyer
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 24, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com
*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

# EXHIBIT "A"

# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## THIS IS A CONSUMER CREDIT DOCUMENT
## (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| Carolyn Muse Davis<br>2915 Stonekirk<br>Winston-Salem NC 27103 Forsyth | Ezra Paul Davis<br>2915 Stonekirk<br>Winston-Salem NC 27103 Forsyth | Smart Chevrolet Inc.<br>4417 Nc Hwy. 704<br>Madison NC 27025 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2014 | Audi Q7 | WA1LMAFE1ED013327 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural ☐ N/A |

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2,500.00 is |
|---|---|---|---|---|
| 29.00 % | $ 28,328.29 | $ 24,743.63 | $ 53,071.92 | $ 55,571.92 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 737.11 | due Monthly beginning 04/04/2023 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 15.00 .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check you give us is dishonored.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** N/A and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X N/A

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X Carolyn Muse Davis Co-Buyer Signs X Ezra Paul Davis

Buyer Signs X Carolyn M. Davis Co-Buyer Signs X Ezra Paul Davis

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| 1 Cash Price (including $ 683.88 sales tax) | $ 22,681.88 | (1) |
| 2 Total Downpayment = N/A | | |
| Trade-in (Year) (Make) (Model) | | |
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller to N/A | $ N/A | |
| Equals Net Trade In | $ N/A | |
| + Cash | $ 2,500.00 | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4I below) | $ 2,500.00 | (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ 20,181.88 | (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies. Life $ N/A; Disability $ N/A | $ N/A | |
| B Vendor's Single Interest Insurance Paid to Insurance Company | $ N/A | |
| C Other Optional Insurance Paid to Insurance Company or Companies | $ N/A | |
| D Optional Gap Contract | $ N/A | |
| E Official Fees Paid to Government Agencies N/A | $ N/A | |
| F Government Taxes Not Included in Cash Price N/A | $ N/A | |
| G Government License and/or Registration Fees License Fee: N/A | $ 77.75 | |
| H Government Certificate of Title Fees | $ 56.00 | |
| I Other Charges (Seller must identify who is paid and describe purpose) | | |
| to N/A for Prior Credit or Lease Balance | $ N/A | |
| to Zurich for Service Contract | $ 3,630.00 | |
| to Smart Chevrolet Inc. for Admin/Doc Fee | $ 798.00 | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 4,561.75 | (4) |
| 5 Amount Financed (3 + 4) | $ 24,743.63 | (5) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

**Insurance. You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us.** You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

## Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A

Home Office Address N/A

**Credit life insurance and credit disability insurance are not required to obtain credit.** Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

## Other Optional Insurance

☐ N/A (Type of Insurance) N/A (Term)

Premium $ N/A

Insurance Company Name N/A

Home Office Address N/A

☐ N/A (Type of Insurance) N/A (Term)

Premium $ N/A

Insurance Company Name N/A

Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A
Buyer Signature Date

X N/A
Co-Buyer Signature Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Buyer Signs X [signature] Co-Buyer Signs X [signature]

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.** You give us a security interest in:
      - The vehicle and all parts or goods installed in it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.

      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information during credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.

      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Buyer Signs X _______ Co-Buyer Signs X _______

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**
Federal law and the law of the state of North Carolina apply to this contract.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Signs X [signature] Co-Buyer Signs X [signature]

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X [signature] Co-Buyer Signs X [signature]
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X [signature] Date 02/18/2023 Co-Buyer Signs X [signature] Date 02/18/2023
Buyer Printed Name Carolyn Muse Davis Co-Buyer Printed Name Ezra Paul Davis
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A Address N/A

Seller signs Smart Chevrolet Inc. Date 02/18/2023 By X [signature] Title FGI

Seller assigns its interest in this contract to Santander Consumer USA, Inc (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☑ Assigned without recourse ☐ Assigned with limited recourse

Seller Smart Chevrolet Inc

By X [signature] Title FGI

# EXHIBIT "B"

STATE OF NORTH CAROLINA

MVR 191 (Rev 06/2022)

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| WA1LMAFE1ED013327 | 2014 | AUDI | MP |

| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
|---|---|---|
| | 07/14/2026 | |

MAIL TO

SANTANDER CONSUMER USA INC
PO BOX 961288
FORT WORTH TX 76161- 478

| ODOMETER READING |
|---|
| 062233 |
| ODOMETER STATUS |
| |
| TITLE BRANDS |
| |

OWNER(S) NAME AND ADDRESS

CAROLYN MUSE DAVIS JTWROS
EZRA PAUL DAVIS JTWROS
2915 STONEKIRK
WINSTON SALEM NC 27103-5478

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application the Division of Motor Vehicles is satisfied that the applicant is the lawful owner Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens if any herein enumerated at the date of issuance of this certificate

As WITNESS his hand and seal of this Division of the day and year appearing in this certificate as the title issue date

Paul Tine

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER DATE OF LIEN 02/18/2023
SANTANDER CONSUMER USA
PO BOX 961288
FORT WORTH TX 76161-0288

LIEN RELEASED BY
SIGNATURE__________
TITLE__________ DATE__________

SECOND LIENHOLDER DATE OF LIEN

LIEN RELEASED BY
SIGNATURE__________
TITLE__________ DATE__________

THIRD LIENHOLDER DATE OF LIEN

LIEN RELEASED BY
SIGNATURE__________
TITLE__________ DATE__________

FOURTH LIENHOLDER DATE OF LIEN

LIEN RELEASED BY
SIGNATURE__________
TITLE__________ DATE__________

ADDITIONAL LIENS

ANY ALTERATIONS OR ERASURES VOID TITLE

MVR 191 (Reverse)

**Federal and State law** requires that you state the mileage in connection with the transfer of ownership Providing a false statement or failing to properly complete this form may result in fines and/or imprisonment

## A

### FIRST RE ASSIGNMENT OF TITLE BY REGISTERED OWNER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address

**Name of Buyer** ______________________________

**Address of Buyer** ______________________________

I seller(s) certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

[ ] ODOMETER READING (NO TENTHS)

❑ 1 The mileage stated is in excess of its mechanical limits

❑ 2 The odometer reading is not the actual mileage

WARNING ODOMETER DISCREPANCY

To my knowledge the vehicle described herein

Yes ❑ No ❑ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market value

Yes ❑ No ❑ Has been a flood vehicle

Yes ❑ No ❑ Has been a reconstructed or a salvage vehicle

**Date vehicle delivered to purchaser** ______________________________

**Seller(s) Signature** ______________________________

**Seller(s) Hand Printed Name** ______________________________

Date ______ County ______ State ______

I certify that the following person(s) personally appeared before me this day each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated

______________________________ seller(s)/name(s) of principal(s)

Notary Public Signature ______________________________

Notary's Printed or Typed Name ______________________________

My Commission expires ______________________________ (SEAL)

**Buyer(s) Signature** ______________________________

**Buyer(s) Hand Printed Name** ______________________________

## B

### PURCHASER'S APPLICATION FOR NEW CERTIFICATE OF TITLE

The undersigned purchaser of the vehicle described on the face of this certificate hereby makes application for a new certificate of title and certifies that said vehicle is subject to the following named liens and none other and that the information contained herein is true and accurate to my best knowledge and belief

**CHECK Appropriate Block/s** (Application cannot be processed without certification of services)

❑ Title Only Vehicle Not in Operation

❑ Title and License Plate Class of License ______________________________

❑ Inoperable Vehicle Vehicle substantially disassembled and unfit or unsafe to be operated on the highway

❑ Truck Weight Desired ______________________________

❑ Plate No Transferred ______________________________ (List Plate Number and Expiration)

❑ Limited Registration Plate (When property taxes are deferred)

For Hire Vehicle ❑ Yes or ❑ No

**I certify that all the above information is correct** ______________________________ (customer's initials)

**OWNER(S)**

**Owner 1 DL #** ______________ ______________________________
**Full Legal Name of Owner (First Middle Last Suffix) or Company**

**Owner 2 DL #** ______________ ______________________________
**Full Legal Name of Owner (First Middle Last Suffix) or Company**

**Joint applicants request this title to be issued with Joint Tenants with Rights of Survivorship? Check appropriate block ❑ Yes ❑ No**

Residence Address ______________________________
City State Zip Code County

Mailing Address (If Different From Above) ______________________________

Vehicle Location Address (If Different from Residence Address Above) ______________________________

### FIRST LIEN

Date of Lien ______ Acct # ______ Lien holder ID ______

Lien holder Name ______________________________

Address ______________________________

City ______ State ______ Zip Code ______

### SECOND LIEN

Date of Lien ______ Acct # ______ Lien holder ID ______

Lien holder Name ______________________________

Address ______________________________

City ______ State ______ Zip Code ______

I certify for the motor vehicle described herein that I have financial responsibility as required by law

Insurance Company Authorized in NC ______________________________ Policy Number ______________

**Odometer Reading** [ ]

Signature of Owner(s) ______________________________

Date ______ County ______ State ______

I certify that the following person(s) personally appeared before me this day each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated ______________________________ owner(s)/name(s) of principal(s)

Notary Public Signature ______________________________

Notary's Printed or Typed Name ______________________________

My Commission expires ______________________________ (SEAL)

NOTE RETAIL PURCHASER MUST APPLY FOR NEW TITLE WITHIN 28 DAYS AFTER PURCHASE OR PAY STATUTORY PENALTY ALTERATIONS OR ERASURES WILL VOID THIS TITLE

# EXHIBIT “C”

**N.A.D.A. Official Used Car Guide**
**Automated Vehicle Valuation**
Tuesday, August 18, 2026

**Guide Edition:** July 2026 **Region:** Southeastern
**Vehicle:** 2014 Audi
Q7 **VIN:** WA1LMAFE1ED013327
Utility 4D TDI Premium Plus AWD **Weight:** 5,412
3.0L V6 T-Diesel

**Mileage:** 103,366 **MSRP:** $52,900.00

**Base Retail:** $8,075.00 **Base Trade:** $4,675.00 **Base Loan:** $4,225.00

**Accessory Adjustments:**

(Retail) (Trade) (Loan)

**Mileage Adj.:** $2,338.00 **(Trade) Accessory Adj.:** $0.00

**Total N.A.D.A. Official Used Car Values**

**Retail:** $10,413.00 **Trade:** $7,013.00 **Loan:** $6,563.00

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company Copyright NADASC 1996